UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CASE NO: 1:17-CR-00035-O-BL |
| SUSAN SALAZAR | § § § | |

### REPORT AND RECOMMENDATION
### AS TO REVOCATION OF SUPERVISED RELEASE

The magistrate judge submits this Report and Recommendation to the United States district judge pursuant to 28 U.S.C. §636(b) and the referral Order dated August 15, 2017 (Doc. 18), addressing the motion to revoke SUSAN SALAZAR's term of supervised release.

**I.    PROCEDURAL BACKGROUND**

**A.    Original Conviction**

On April 21, 2016, SUSAN SALAZAR (hereafter "Defendant") entered a plea of guilty to Count Three of an indictment arising out of the Western District of Texas, charging Felon in Possession of a Firearm and Aiding and Abetting, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2. (Doc. 115, WDTX). On July 18, 2016, Defendant was sentenced by Senior United States District Judge Robert Junell, Western District of Texas, to a twelve-month, one-day term of incarceration, to be followed by a 3-year term of supervised release. (*Id.*) On May 11, 2017, jurisdiction was transferred to United States District Judge Reed C. O'Connor, Northern District of Texas. (Doc. 1). Supervision commenced on December 20, 2016. (*Id.*)

1

On June 30, 2017, a Petition for Offender under Supervision was filed by the United States Probation Office (Doc. 3), requesting a violator's warrant for Defendant's arrest after violation of the conditions discussed below. The district judge ordered the issuance of a warrant on July 10, 2017. (*Id.*).

### B. Current Revocation Proceedings

#### 1) Procedural History

Before the Court is the Government's Motion to Revoke Supervised Release dated August 1, 2017 (Doc. 6), requesting revocation of Defendant's term of supervised release and that Defendant be ordered to serve a sentence as determined by the Court. This Motion followed the Petition of the United States Probation Office, (Doc. 3), referenced above.

Following Defendant's arrest, she appeared before a magistrate judge on August 8, 2017, for an initial appearance (Doc. 7). A detention hearing and preliminary revocation hearing were scheduled for the same date, but waived by the filing of written waivers. (Doc. 11, 12). Probable cause was found and an order of detention entered on August 8, 2017. (Doc. 14.).

#### 2) Violation Allegations

As indicated above, a violator's warrant was issued and Defendant was arrested for allegedly violating terms of her supervised release, specifically[1]:

---

[1] Alleged violations taken from Petition for Offender under Supervision dated July 10, 2017.

2

# I.

**Violation of Additional Condition**

The defendant shall abstain from the use of all intoxicants, including alcohol, marijuana, synthetic marijuana, and bath salts, during the term of supervision.

**Violation of Mandatory Condition No. 2**

The defendant shall not unlawfully possess a controlled substance.

**Violation of Mandatory Condition No. 3**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release on probation or supervised release and at least two periodic drug tests thereafter (as determined by the Court) for use of a controlled substance, but the condition stated in this paragraph may be ameliorated or suspended by the Court if the defendant's presentence report or other reliable sentencing information indicates low risk of future substance abuse by the defendant.

**Violation of Standard Condition No. 7**

The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.

**Violation of Standard Condition No. 8**

The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

**Nature of Noncompliance**

Susan Salazar (Salazar) violated these conditions of supervised release by using and possessing marijuana, an illegal controlled substance, in or about January, March, and June 2017. On February 1, 2017, Salazar submitted a urine specimen at Volunteers of America (VOA), a federally contracted inpatient drug treatment center in Fort Worth, Texas, and afterwards verbally admitted to VOA staff that she used marijuana on or about January 13, 2017. On March 24, 2017, Salazar submitted a urine specimen as directed by U.S. Probation Officer Scott Cannon (USPO Cannon) that tested positive for marijuana. Subsequently, on the same date, Salazar admitted verbally and in writing to USPO Cannon that she used marijuana on January 13, 2017. Again, on April 11, 2017, Salazar submitted a urine specimen as directed by USPO Cannon which tested positive for the presence of marijuana. Salazar admitted verbally and in writing to USPO Cannon that she used marijuana on March 21, 2017. On June 22, 2017, Salazar submitted a urine specimen at the U.S. Probation office which tested positive for marijuana. Salazar admitted verbally and in writing, to using marijuana approximately 4 to 5 times between June 9 and 20, 2017.

Salazar also violated these conditions of supervised release by using and possessing methamphetamine, an illegal controlled substance, in or about March, April, and June, 2017. On March 24, April 11, and June 22, 2017, Salazar submitted urine specimens as directed by USPO Cannon all of which tested positive for methamphetamine. Furthermore, on April 11, 2017, Salazar admitted verbally and in writing to USPO Cannon that she used methamphetamine on March 21 and April 9, 2017. On June 30, 2017, Salazar verbally admitted to using methamphetamine between the dates of June 8 and 15, 2017.

## II.

**Violation of Additional Condition**

The defendant shall obtain and maintain steady employment during the term of supervision.

**Violation of Standard Condition No. 5**

The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons.

**Nature of Noncompliance**

Salazar violated these conditions of supervised release by failing to obtain employment during this term of supervised release.

## III.

**Violation of Standard Condition No. 2**

The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

**Violation of Standard Condition No. 3**

The defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer.

**Nature of Noncompliance**

Salazar violated these conditions of supervised release by failing to submit a truthful and complete written report to the U.S. Probation Office within the first 5 days of each month for the months of March and June, 2017.

Further, Salazar failed to contact USPO Cannon on June 12, 2017, by phone as directed.

## IV.

**Violation of Standard Condition No. 6**

The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.

**Nature of Noncompliance**

Salazar violated this condition of supervised release by evidenced by her failure to contact the U.S. Probation Office as required prior to any change of residence. Specifically, on March 23, 2017, contact with the defendant's grandmother revealed Salazar was no longer residing at her grandmother's home located at 1602 Sunset Avenue, Big Spring, Texas, as previously approved. Later the same day, Salazar contacted USPO Cannon and admitted she was not residing at the previously approved residence as required.

## V.

**Violation of Standard Condition No. 9**

The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted or a felony, unless granted permission to do so by the probation officer.

**Nature of Noncompliance**

Salazar violated this condition of supervised release as evidenced by her verbal admission on April 11, 2017, which noted her association with Steve Emmons, a person Salazar befriended and who Salazar verbally admitted was known to use illegal drugs and carry a firearm on his person at all times.

### 3) Revocation Hearing

A Final Hearing on the Motion to Revoke Supervised Release was held on August 29, 2017, before the magistrate judge. Defendant was represented by Curtis Tomme; the United States was represented by Assistant United States Attorney Juanita Fielden. The proceedings were electronically recorded.

Upon call of the matter, Defendant was placed under oath and was determined to be competent to enter a plea. The undersigned, having previously reviewed the allegations contained in the Government's Motion to Revoke with Defendant and her counsel in open court, inquired

whether Defendant understood the allegations, after which Defendant indicated that she had discussed the allegations with her attorney, did understand the allegations, and waived a subsequent reading. The undersigned then explained to Defendant the statutory maximum terms of incarceration and supervised release as well as the sentencing options available to the Court. Defendant acknowledged her understanding and entered a plea of true to the allegations contained in Section I.B(2) above, specifically: the Additional Conditions that Defendant abstain from the use of alcohol and/or all other intoxicants during the term of supervision, and obtain and maintain steady employment during the term of supervision; Mandatory Condition Nos. 2, 3; and Standard Condition Nos. 2, 3, 5, 6, 7, 8, and 9.

Defendant consented orally and in writing to allocution before the magistrate judge (Doc. 21), but declined to make any statement. Defense Counsel stated that Defendant took full responsibility for her actions. He further stated that she acknowledged having a drug problem, that she knows what she needs to do, had stayed clean for approximately a month before her arrest, tried to stay away from people who were a bad influence, but that she needs help. He related a statement from Defendant that she "was tired of her current lifestyle, that something needs to change, and that something is me."

The attorney for the government declined to comment.

## II.  FINDINGS OF THE COURT

   i. The Defendant pled true to the allegations that she violated conditions of his supervised release as contained in the Government's Motion to Revoke, and set forth in Section I.B(2) above, specifically: the Additional Conditions that Defendant abstain from the use of alcohol and/or all other intoxicants during the term of supervision, and obtain and maintain steady employment during the term of supervision; Mandatory Condition Nos. 2, 3; and Standard Condition Nos. 2, 3, 5, 6, 7, 8, and 9;

ii. The Defendant was competent to make the decision to plead true to the allegations;

iii. The Defendant had both a factual and rational understanding of the proceedings against her;

iv. The Defendant did not suffer from any physical or mental impairment that would affect her ability to fully understand the charges against her or the consequences of her plea;

v. The Defendant was sane and mentally competent to stand trial for these proceedings and to assist her attorney in the preparation and conduct of her defense;

vi. The Defendant received a copy of the Government's Motion to Revoke, either read or had it read to her, had adequate opportunity to discuss the charges against her with her attorney, and ultimately understood the charges alleged against her;

vii. A preliminary revocation hearing was waived and probable cause as to the alleged violations was found;

viii. At the final revocation hearing, Defendant understood all of her statutory and constitutional rights, yet freely, intelligently, and voluntarily waived same and pled true to the allegations listed in subsection I.B(2) above; and

ix. The Defendant violated conditions of her supervised release.

## III. SENTENCING

### A. FACTORS

The Court may revoke a term of supervised release after finding that a defendant has violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(3). Upon revocation, a court should impose a sentence that is sufficient, but not greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a). *See* § 3583(c). The sentencing court is to consider:

i. The nature and circumstance of the offense and the history and characteristics of the defendant, *see* 18 U.S.C. § 3553(a)(1);

ii. The need for the sentence imposed to afford adequate deterrence to criminal conduct, see 18 U.S.C. § 3553(a)(2)(B); to protect the public from further crimes of the defendant, see 18 U.S.C. § 3553(a)(2)(C); and to provide the defendant with

needed educational or vocational training, medical care, or other corrective treatment in the most effective manner, see 18 U.S.C. § 3553(a)(2)(D)[2];

iii. The kinds of sentence and the applicable sentencing range established in the United States Sentencing Commission's Sentencing Guidelines pursuant to section 994(a)(3) of title 28, United States Code, any amendments thereto, and any associated policy statements made by act of Congress or issued by the Sentencing Commission, see 18 U.S.C. § 3553(a)(4)(B);

iv. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct, see 18 U.S.C. § 3553(a)(6); and

v. The need to provide restitution to any victims of the offense, see 18 U.S.C. § 3553(a)(7).

The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(e) and 3553(a) as applied to this defendant.

## B. STATUTORY AND GUIDELINE PROVISIONS

The classification of Defendant's underlying criminal offense results in a two-year (2) statutory maximum term of incarceration upon revocation of supervised release. *See* 18 U.S.C. § 3583(e)(3). United States Sentencing Guideline 7B1.4(a) suggests a revocation range of four (4) to ten (10) months imprisonment, based upon Defendant's criminal history category of II and the admitted Grade C violations. Revocation of supervised release and a term of imprisonment not to exceed the maximum provided in 18 U.S.C. § 3583(e)(3) is mandatory, given Defendant's admitted violations of using and possessing a controlled substance and three positive drug tests over the course of one year. *See* 18 U.S.C. § 3583(g)(1) and (g)(4).[3]

---

[2] Pursuant to *U.S. v. Miller*, 634 F.3d 841 (5th Cir. 2011), the Court may not consider the factors listed in 18 U.S.C. § 3553(a)(2)(A), which include "the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense," when revoking a term of supervised release. Further, the sentencing court may not impose or lengthen a prison term in order to foster a defendant's rehabilitation. *U.S. v. Tapia*, 131 S.Ct. 2382 (2011).

[3] *See*, however, the exception contained in § 3583(d): "The court shall consider whether the availability of appropriate substance abuse treatment programs, or an individual's current or past participation in such

8

Defendant may also be placed back on supervised release following any term of imprisonment imposed upon revocation. The maximum term of supervised release must not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment imposed upon revocation. *See* 18 U.S.C. § 3583(h); s*ee also U.S. v. Jackson*, 559 F.3d 368 (5th Cir. 2009). Accordingly, Defendant is subject to a maximum term of supervised release of three (3) years, less any term of imprisonment imposed upon revocation of her current supervised release.

## IV. ANALYSIS[4] AND JUSTIFICATION

Defendant was released from federal custody in December 2016, and began serving her term of supervised release in the Northern District of Texas, Abilene Division. Upon release, she resided with her grandmother and children in Big Spring, Texas.

On January 17, 2017, Defendant entered the VOA in Fort Worth, Texas, to complete a 30-day inpatient drug treatment program. On February 3, 2017, Defendant verbally admitted to relapsing. After the probation officer so advised the sentencing judge, it was agreed that completion of her inpatient services would be to Defendant's benefit, and she subsequently completed inpatient services on February 16, 2017.

In late March 2017, it was discovered Defendant was no longer residing at her approved residence, and subsequent contact revealed she had relapsed again. Further contact determined

---

programs, warrants an exception in accordance with United States Sentencing guidelines from the rule of section 3583(g) when considering any action against a defendant who fails a drug test." The undersigned has carefully considered the factors listed in 18 U.S.C. §§ 3583(d). Although Defendant failed drug tests, the violations forming the basis for this action rest upon Defendant admittedly using and possessing controlled substances, as confirmed by the drug testing results.

[4] Information in this section is taken from the Personal History section of the Supervised Release Violation Report.

9

Defendant was continuing to use illegal substances and was associating with Steve Emmons, a person she stated was actively involved in criminal activity while also physically abusing her. As such, jurisdiction of this matter was subsequently requested and transferred to the Northern District of Texas in May 2017.

While awaiting the completion of the transfer of jurisdiction, Salazar was instructed to maintain telephonic contact with her probation officer, remain sober, and to secure a valid means of identification, which she did.

In early June 2017, the probation officer approached Salazar about placement in a Residential Re-entry Center (RRC). Salazar declined the opportunity to enter into a RRC and, ultimately, reverted to the use of illegal drugs.

Defendant has shown little ability to make appropriate decisions regarding her sobriety and associations. It is believed she may benefit from additional supervision and the availability of additional counseling services.

## V. CONCLUSION

Upon consideration of the foregoing, the magistrate judge **RECOMMENDS:**

i.    that Defendant be found to have violated the conditions of her supervised release as set forth in Section I.B(2) above, specifically: the Additional Conditions that Defendant abstain from the use of alcohol and/or all other intoxicants during the term of supervision, and obtain and maintain steady employment during the term of supervision; Mandatory Condition Nos. 2, 3; and Standard Condition Nos. 2, 3, 5, 6, 7, 8, and 9;

ii.    that her supervised release be **REVOKED**;

iii.  that she be **SENTENCED** to the custody of the Attorney General for a period of **eight (8) months**, with credit while in federal detention beginning July 31, 2017, and

iv.  that an **additional term of supervised release of twenty-four (24) months** be imposed, with the following conditions:

Mandatory Conditions:

1. The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

2. The defendant shall not commit another federal, state, or local crime.

3. The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter as determined by the Court.

4. The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.

5. The defendant shall also comply with the standard conditions recommended by the U.S. Sentencing Commission and shall comply with the following additional conditions:

Recommended Additional Conditions:

1. The defendant shall participate in a program (inpatient and/or outpatient) approved by the U.S. Probation Officer for the treatment of narcotic, drug, or alcohol dependency, which will include testing for the detection of substance use or abuse. The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (copayment) at a rate of at least $10 per month.

## NOTICE OF OPPORTUNITY TO FILE OBJECTIONS TO REPORT AND RECOMMENDATION

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

SIGNED this 29th day of August 2017.

E. SCOTT FROST
UNITED STATES MAGISTRATE JUDGE